UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:21-937-DOC (MAR)                              Date:  June 23, 2021

Title:  _Theodora Medley v. Kathleen Allison_

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA VALENCIA | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS SECOND OR SUCCESSIVE, AND INSTEAD BE TRANSFERRED TO THE NINTH CIRCUIT PURSUANT TO 28 U.S.C. § 1631 FOR APPROPRIATE ACTION**

On May 9, 2021, Theodora Medley ("Petitioner"), a state prisoner proceeding pro se, constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") under 28 U.S.C. § 2254 ("section 2254"), challenging her 2000 murder conviction.  ECF Docket No. ("Dkt.") 1.

The Petition is subject to dismissal under section 2254(b)(1) because it appears to be second or successive.[2]  See Medley v. Runnels, 506 F.3d 857 (9th Cir. 2007) (en banc).  The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue.

**A.      AEDPA AND SECOND OR SUCCESSIVE PETITIONS**

  **1.      Applicable law**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court."  Felker v. Turpin, 518 U.S. 651, 657 (1996).  Under this procedure, "[a]n individual seeking to a file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application."  Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998).  Thereafter, the appellate court "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of" AEDPA.  28 U.S.C. § 2244(b)(3)(C).

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

[2] The Petition also appears to be untimely and either partially or wholly unexhausted, but the Court does not reach these issues here because the Court does not have jurisdiction to rule on a second or successive petition.  28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 152–53 (2007).  Similarly, the Court declines to rule on Petitioner's motion for a stay at this time.

### 2. Analysis

Here, the instant Petition appears to be a second or successive petition because it challenges the same 2000 conviction Petitioner challenged in her first Petition for Writ of Habeas Corpus by a Person In State Custody ("2003 Petition"). See Medley, 506 F.3d; see also Medley v. Runnels, 552 U.S. 1316 (2007) (denying Petitioner's writ of certiorari). The instant Petition therefore appears to be second or successive to the 2003 Petition.

Petitioner has failed to identify or submit any documentation indicating the Ninth Circuit has granted Petitioner "proper authorization" to file a second or successive petition in district court. As such, this Court lacks the jurisdiction to address the Petition. 28 U.S.C. § 2244(b)(3)(A); see also Burton, 549 U.S. at 152–53.

## B. TRANSFER IN THE INTEREST OF JUSTICE PURSUANT TO 28 U.S.C. § 1631

### 1. Applicable law

28 U.S.C. § 1631 ("section 1631") governs the transfer of civil actions among federal courts to cure jurisdictional defects. "Transfer is appropriate under section 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." Real v. California, No. CV 18-2486 R (SS), 2018 WL 3219651, at *1 (C.D. Cal. June 28, 2018). To that end, "[i]t is widely recognized that '[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the court of appeals], the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.'" Id. (quoting In re Cline, 531 F.3d 1249, 1252–53 (10th Cir. 2008); see also Robinson v. Johnson, 313 F.3d 128, 139 (3rd Cir. 2002) (district court may either dismiss an unauthorized successive petition for lack of jurisdiction or transfer it to the circuit court pursuant to section 1631); Jones v. Braxton, 392 F.3d 683, 691 (4th Cir. 2004) (same); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (same).

"Normally transfer will be in the interest of justice because the dismissal of an action that could be brought elsewhere is 'time consuming and justice-defeating.'" Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) (internal citations omitted) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962)). Factors to consider when deciding whether transferring a case is in the interest of justice include: "whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." Id.; see also In re Cline, 531 F.3d at 1251 ("Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the

other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." See Trujillo v. Williams, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006)).

   **2.      Analysis**

Here, failure to transfer could prejudice Petitioner because a dismissal may present or exacerbate timeliness issues.  Moreover, Petitioner, who is proceeding pro se, has "[both a] mental disability and [a] learning disability" Dkt. 1 at 8–9.  Petitioner is also currently involved in two (2) pro se civil rights actions before this Court.  See Theodora Medley v. S. Pfitzer et al., Case No. EDCV 21-0545-DOC (MAR); Theodora Medley v. Christian F. Theirbach, et al., EDCV 21-0089-DOC (MAR).  While a transfer appears to be in the interests of justice, before dismissing the Petition or acting on its own initiative to transfer the Petition, the Court will afford Petitioner an opportunity to present her position on this issue.

   **Accordingly, Petitioner is ORDERED to show cause in writing within twenty-eight (28) days why the Petition should not be dismissed for lack of jurisdiction, and instead be transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631.**  See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation omitted); see also Cruz-Aguilera, 245 F.3d at 1074  (section 1631 applies in habeas proceedings).

   The Court will consider any of the following three (3) actions to be an appropriate response to this OSC:

   (1) Petitioner shall provide the Court with a written response either requesting a transfer and addressing why a transfer is appropriate in this case or addressing why a transfer is not appropriate in this case;

   (2) Petitioner shall show that the Ninth Circuit has authorized review of this Petition; or

   (3) Petitioner shall voluntarily dismiss this action without prejudice.  Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached A Notice of Dismissal form.**  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:21-937-DOC (MAR)                          Date:  June 23, 2021

Title:  *Theodora Medley v. Kathleen Allison*

       The Clerk is ordered to provide Petitioner with the Ninth Circuit Court of Appeals Form 12, which is the Ninth Circuit's form Application for Leave to File Second or Successive Petition, and the accompanying instructions.

       Failure to respond to the Court's Order may result in the dismissal of the action as second or successive or result in a direct transfer to the Ninth Circuit Court of Appeals under 28 U.S.C. § 1631 by this Court.

       **IT IS SO ORDERED.**

**Initials of Preparer**                                                                               :
                                                                                                                           ev

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), |  |
| v. |  |
|  | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). |  |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____ .

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____   _____
*Date*    *Signature of Attorney/Party*

*NOTE: F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 12. Application for Leave to File Second or Successive Petition under 28 U.S.C. § 2254 or Motion under 28 U.S.C. § 2255**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form12instructions.pdf*

9th Cir. Case Number *(to be provided by court)* _____

Applicant Name _____

Prisoner Registration Number _____

Address _____

_____

Name of Respondent (Warden) _____

**You MUST answer the following questions:**

(1) What conviction(s) are you challenging?

_____

_____

(2) In what court(s) were you convicted of these crime(s)?

_____

_____

(3) What was the date of each of your conviction(s) and what is the length of each sentence?

_____

_____

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 12**　　　　　　　　　　　　　　*1*　　　　　　　　　　　　　*Rev. 12/01/18*

**For questions (4) through (10), provide information separately for each of your previous §§ 2254 or 2255 proceedings. Use additional pages if necessary.**

(4) Has the judgment of your conviction or sentence been modified or amended? If yes, when and by what court?

_____

_____

(5) With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under **28 U.S.C. § 2254** or **§ 2255**?

Yes ☐   No ☐

    (a) In which federal district court did you file a petition or motion?

    _____

    (b) What was the docket number?

    _____

    (c) On what date did you file the petition/motion?

    _____

(6) What grounds were raised in your previous habeas proceeding?
*(list all grounds and issues previously raised in that petition/ motion)*

_____

_____

_____

(7) Did the district court hold an evidentiary hearing?   Yes ☐   No ☐

(8) How did the district court rule on your petition/motion?

☐ District court **dismissed** petition/motion. If yes, on what grounds?

_____

☐ District court **denied** petition/motion.

☐ District court **granted** relief. If yes, on what claims and what was the relief?

_____

(9) On what date did the district court decide your petition/motion?

_____

(10) Did you file an appeal from that disposition?   Yes ☐   No ☐

   (a) What was the docket number of your appeal?

   _____

   (b) How did the court of appeals decide your appeal?

   _____

(11) State concisely each and every ground or issue you wish to raise in your current petition or motion for habeas relief. Summarize briefly the facts supporting each ground or issue.

_____

_____

_____

(12) For each ground raised, was it raised in the state courts? If so, what did the state courts rule and when? *(Attach a copy of all relevant state court decisions, if available)*

_____

(13) For each ground/issue raised, was this claim raised in any prior federal petition/motion? *(list each ground separately)*

_____

_____

(14) For each ground/issue raised, does this claim rely on a new rule of constitutional law? *(list each ground separately and give case name and citation for each new rule of law)*

_____

_____

(15) For each ground/issue raised, does this claim rely on newly discovered evidence? What is the evidence and when did you discover it? Why has this newly discovered evidence not been previously available to you? *(list each ground separately)*

_____

_____

_____

(16) For each ground/issue raised, does the newly discovered evidence establish your innocence? How?

_____

_____

(17) For each ground/issue raised, does the newly discovered evidence establish a federal constitutional error? Which provision of the Constitution was violated and how?

_____

_____

(18) Provide any other basis for your application not previously stated.

_____

_____

_____

**Signature** _____ **Date** _____

**In capital cases only, proof of service on respondent MUST be attached. A sample proof of service is attached to this form.**

**Attach proposed section 2254 petition or section 2255 motion to this application.**

*Mail this form to the court at:*
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 12　　　　　　　　　　　　　　　5　　　　　　　　　　　　　Rev. 12/01/18

# CERTIFICATE OF SERVICE

## Applications for Leave to File Second or Successive 28 U.S.C. §§ 2254/2255 Petitions/Motions

## **DEATH PENALTY CASES ONLY**

Case Name _____ v. _____

I certify that a copy of the application for leave to file a second or successive 28 U.S.C. § 2254 petition or § 2255 motion with any attachments was served, either in person or by mail, on the person listed below.

Signature _____
*(Notary NOT required)*

Date of Service _____

Name                             Address

_____    _____

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*
**Form 12**                        *6*                        *Rev. 12/01/18*